UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ABDULLAH BROWN, ET AL.,              :
    Plaintiffs                              :
                                                    :
        v.                                      :   CIVIL NO.4:CV-06-199
                                                    :
                                                    :   (Judge McClure)
WARDEN K. HOGSTEN, ET AL.,           :
    Defendants                             :

## **MEMORANDUM**

August 9, 2007

Abdullah Brown, Leonard Sykes, Anthony Roberts, Timothy Haywood, Dennis Carter and Joseph Monroe initiated this *pro se* civil rights action regarding their prior confinement together at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania ("FCI-Allenwood"). Brown, Sykes, and Haywood are no longer confined at FCI-Allenwood.

On August 16, 2006, Plaintiffs' motion requesting leave to submit an amended complaint was granted and their accompanying proposed amended complaint (Record document no. 47) was accepted. Named as Defendants therein are the following FCI-Allenwood officials: Warden K. Hogsten; Chaplain Joseph Beadle and Supervisory Chaplain Glenn Crook. Also named as Defendants are two (2) employees of the Allenwood Low Security Correctional Institution, White

Deer, Pennsylvania ("LSCI-Allenwood"); Warden Jonathan Miner and Chaplain William Hoops.[1]  The Plaintiffs identify themselves as being members of the "Sunni Muslim Faith."  Record document no. 47, p. 1.

Plaintiffs indicate that the Defendants have violated Bureau of Prisons ("BOP") policy as well as their "rights under the First Amendment to practice their preferred religion" by not providing the FCI-Allenwood and LSCI-Allenwood inmate populations with either a contract or a volunteer Sunni Muslim Imam.  Id. at p. 2.  They maintain that the Defendants have "direct knowledge" that Sunni Muslims prisoners do not have an Imam to assist them in their religious practices and have failed to provide those inmate populations with a Sunni Muslim Imam for a prolonged period of time.  Id. at p. 3. The Amended Complaint concludes that the Defendants' discriminatory failure to provide a Sunni Muslim Imam as requested by the  Plaintiffs violates their constitutional right of freedom of religion.  Plaintiffs solely seek injunctive relief, specifically, that the Defendants be required to provide the FCI-Allenwood and LSCI-Allenwood inmate populations with a Muslim Imam.

In response to the Amended Complaint, Defendants have filed a motion to

---

[1] The Amended Complaint was prepared by Plaintiff Brown following his transfer to LSCI-Allenwood.  It incorporated the Original Complaint and added the same claim with respect to his LSCI-Allenwood confinement.

2

dismiss pursuant to Federal Rule of Civil Procedure 12(b).  See Record document no. 68.  The motion has been briefed and is ripe for consideration.

**Discussion**

Defendants argue that they are entitled to dismissal of the amended complaint or summary judgment on the grounds that: (1) the case has been rendered moot; (2) the claims against Wardens Hogsten and Miner are improperly premised on a theory of *respondeat superior*; and (3) the doctrine of sovereign immunity bars the claims against Defendants in their official capacities.  As summary judgment will be granted defendants on the basis of mootness, the court will not discuss the remaining two issues.

**Standard of Review**

Defendants' motion to dismiss is accompanied by evidentiary materials outside the pleadings, specifically a declaration by Supervisory Chaplain Crook which is relevant for purposes of determining the issue of mootness.  See  Record document no. 69, Exhibit 1.  Rule 12(b) provides in part as follows:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b).  The Court will not exclude Defendant Crook's declaration

accompanying the Defendants' motion. Thus, their motion will be treated as solely seeking summary judgment.

It is further noted that the Plaintiffs' response to the dispositive motion which appears to have been prepared by Inmate Brown, similarly deems the Defendants' motion as seeking summary judgment. See Record document no. 71, p. 1.

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. "[T]he standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)...."

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, (1986).

The moving party bears the initial responsibility of stating the basis for its

motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact.  The moving party can discharge that burden by "'showing' . . . that there is an absence of evidence to support the nonmoving party's case." Celotex, supra, 106 S.Ct. at 2553 and 2554.  Once the moving party has satisfied its burden, the nonmoving party must present "affirmative evidence" to defeat the motion, consisting of verified or documented materials. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  Issues of fact are "genuine only if a reasonable jury, considering the evidence presented could find for the nonmoving party." Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988).  Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment.  Id.  In evaluating a motion for summary judgment, the entire record must be examined in the light most favorable to the nonmoving party.

**Mootness**

Defendants initially and primarily argue that the Amended Complaint is subject to dismissal on the basis of mootness because the requested injunctive relief has already been provided.  Namely, a Muslim Imam has been contracted to provide services to the inmate populations at both LSCI-Allenwood and FCI-Allenwood.

The adjudicatory power of a federal court depends upon "the continuing

existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original).  "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  Id. at n.10 (citations omitted).  "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects."  Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)).

Furthermore, "[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."  Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (citation omitted); see also Carter v. Thompson, 808 F. Supp. 1548, 1555 (M.D. Fla. 1992).

In a declaration submitted under penalty of perjury, Defendant Glenn Crook acknowledges that he is a Supervisory Chaplain who oversees the Religious Departments at both FCI-Allenwood and LSCI-Allenwood.  Crook notes that three (3) of the Plaintiffs, Brown, Sykes and Haywood are no longer confined at either LSCI-Allenwood or FCI-Allenwood.  See Record document no. 69, Exhibit 1, ¶ 3. However, Chaplain Crook admits that the three (3) remaining Plaintiffs are still housed at FCI-Allenwood.

None of the Plaintiffs is presently confined at LSCI-Allenwood. There is also no indication that any of the Plaintiffs will be housed at LSCI-Allenwood in the foreseeable future. In light of the standards announced in Steffel and Wahl, the Amended Complaint to the extent that it seeks injunctive relief regarding the lack of a Sunni Imam at LSCI-Allenwood is subject to dismissal on the basis of mootness.

Crook also states that previously an Imam was under contract to provide services for the Muslim inmate populations at FCI-Allenwood and LSCI-Allenwood. However, the Imam died suddenly in 2004. Thereafter, four (4) visiting Sunni Muslim Imams provided temporary service between 2004 and May, 2006. According to Chaplain Crook, "in May, 2006, the Complex was able to reach an agreement with Imam Abdel El Battah" to provide "regular monthly visits" to both FCI-Allenwood and LSCI-Allenwood beginning in June, 2006. Id. at ¶ 6.

Plaintiffs' response does not dispute that a Muslim Imam has been contracted for and is providing regular visits to both prisons. In fact, the opposing brief does not even address the mootness argument. Since it is undisputed that the only relief sought by the Plaintiff has been provided, entry of summary judgment in favor of the Defendants on the basis of mootness is appropriate.

An appropriate order will issue.

      s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ABDULLAH BROWN, ET AL.,      :
    Plaintiffs      :
          :
v.      :   CIVIL NO.4:CV-06-199
          :
          :   (Judge McClure)
WARDEN K. HOGSTEN, ET AL.,      :
    Defendants      :

### **ORDER**

August 9, 2007

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

    1.    Defendants' motion (Record document no. 68) to dismiss the Amended Complaint is construed as seeking summary judgment.

    2.    Summary judgment is GRANTED in favor of the Defendants, on the basis of mootness.

    3.    The Clerk of Court is directed to CLOSE the case.

    4.      Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

          s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge